**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-39-TBR**

UNITED STATES OF AMERICA                                                                 Plaintiff

v.

MATHEW WILLIAMS                                                                          Defendant

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a Motion for More Complete Discovery Relating to the Defendant's Notice Pursuant to Federal Rule of Criminal Procedure 12.2, (Docket No. 23), and a Motion for Discovery, (Docket No. 24). The Defendant did not respond to either motion. Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **GRANT** Plaintiff's Motions.

The Court will first address Plaintiff's Motion for More Complete Discovery. The Defendant has been charged with seven counts of robbery or attempted robbery in violation of 18 U.S.C. § 1951(b)(1) and one count of using and carrying a firearm during and in relation to a federal crime of violence in violation of 18 U.S.C. § 924(c). (Docket No. 23 at 1.) On December 9, 2015, the Defendant provided notice of his intent to assert a defense of insanity/mental defect at the time of the alleged offense. (Docket No. 20.) Additionally, the Defendant provided notice of his intention "to introduce expert evidence relating to a mental disease or defect or other mental condition of the Defendant bearing on the issue of guilt in the above-styled action pursuant to Federal Rule of Criminal Procedure 12.2(b)." (Docket No. 20 at 1.) On January 14, 2016, the Defendant filed his required disclosure under Federal Rule of Criminal Procedure 12.2(b) and informed the Court and the Plaintiff of his intent to call Dr. Mark Jorrisch. (Docket

1

No. 22 at 1.) However, the Defendant did not provide a written report provided by his expert. (Docket Nos. 22; 23 at 1.)

Under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, the Defendant "must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." Fed. R. Crim. P. 16(b)(1)(C)(ii). Furthermore, the Rule states that the requested summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). As the Plaintiff has formally requested a written summary of the Defendant's expert's testimony, the Court finds that Defendant must comply with this request and provide the Plaintiff with a summary that complies with Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.

Next the Court must address Plaintiff's Motion for Discovery. Rule 16(b)(1)(A)-(B) of the Federal Rules of Criminal Procedure states:

> (A) If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>> (i) the item is within the defendant's possession, custody, or control; and
>> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.
>
> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>> (i) the item is within the defendant's possession, custody, or control; and

> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Fed. R. Crim. P. 16(b)(1)(A)-(B). If the Defendant requested disclosure under Rule 16(a)(1)(E), (F), this Court finds that he must comply with Rule 16(b)(1)(A)-(B) of the Federal Rules of Criminal Procedure and provide the Plaintiff with the requested information and/or evidence.

Additionally, according to Rule 16(b)(1)(C)(i), "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." Consequently, if the Defendant requested disclosure under subdivision (a)(1)(G), the Court finds that he must comply with Rule 16(b)(1)(C)(i) of the Federal Rules of Criminal Procedure and provide the Plaintiff with the requested written summary.

**IT IS SO ORDERED.**

cc: counsel